## CIRCUIT COURT OF THE CITY OF RICHMOND

Frank Livermon Myers

v.

North Am. Insurance Co.

June 7, 1979

Case No. B-1406

By JUDGE MARVIN F. COLE

I have before me for decision a motion for a summary Judgment in this matter filed by counsel for the defendant, North American Insurance Company.

The provision of the insurance policy in question in this matter is as follows:

> PHYSICAL EXAMINATIONS AND AUTOPSY
> The Society at its own expense shall have the right and opportunity to examine the person of the assured when and as often as it may reasonably require during the pendency of a claim hereunder and to make an autopsy in case of death where it is not forbidden by law.

Counsel for the defendant in his memorandum to me has stated that the policy states that the plaintiff will submit to an examination when requested to do so. The plaintiff refused, thereby placing himself in clear breach of the policy, and the result that must follow is obvious. I do not agree with this statement.

First the policy provision does not give the defendant an unqualified right to an examination, but only states that such right shall be given to examine the person

of the assured when and as often as it *may reasonably require* during the pendency of a claim.

It appears to me that whether under the peculiar facts and circumstances of this case that an examination by another doctor was reasonably required is a question of fact to be determined by the trier of the facts in this case. It may well be that a jury or judge who tries the case will believe that it was reasonable for the plaintiff to decline to submit to an examination by Dr. Deyerle or may feel that it was not reasonable to submit to an examination by any other doctor than Dr. Griffin. These are issues of fact and will come out in the evidence when the case is tried.

Another issue involved in this case is the fact that the policy provision does not expressly provide that an examination shall be made by more than one doctor. The policy is silent as to how many doctors shall be required to examine the plaintiff. Since the policy was written by the insurance carrier, its terms are to be construed against it. However, I make no determination of this matter at this time, nor do I make any determination as to whether it is necessary that the defendant prove that he has been prejudiced by the failure of he plaintiff to agree to be examined by Dr. Deyerle. I make no determination as to this phase of the case at this time.

I note that Mr. Pascal in his letter dated April 10, 1978, to Mr. Beemus stated that the worse that can happen here is that another action be commenced. He further stated that in that event at least North American will be able to compel an examination of Mr. Myers pursuant to the applicable pre-trial procedures. It would appear to me that the plaintiff could rely upon that statement and could rest assured that the worse that could happen to him would be that he would have to file another suit, in which event he would, of course, be subject to pre-trial procedures to require his appearance before a doctor under court order.

Rule 3:18 states that a summary judgment shall not be entered if any material fact is genuinely in dispute in a case. For the reasons stated above, I believe there is a genuine dispute of facts in this case and that the determination as to what is reasonable and what is not reasonable and to other various interpretations that may be placed upon the policy provisions are matters

that must be determined by the trier of the facts after a full hearing in which all of the evidence is established and is not such a matter as can be determined on a motion for summary judgment.

Therefore, I am today entering an order denying the motion for summary judgment.

I am disposed to enter the order pursuant to Rule 4:10 requiring an examination by Dr. Deyerle.